## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JENNIFER B. CAMPBELL,         :

                              :

      Plaintiff,                 :

                              :

      v.                      :      Civil Action No.:     12-1769 (RC)

                              :

DISTRICT OF COLUMBIA,      :

                              :

      Defendant.              :

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S REQUEST FOR EQUITABLE RELIEF AND ENTERING JUDGMENT FOR THE PLAINTIFF

## I.  BACKGROUND

Dr. Jennifer Campbell, the plaintiff in this case, brought suit against her former employer, the District of Columbia, in 2012. *See* Compl., ECF No.1. Dr. Campbell alleged that the District acted unlawfully when, amidst allegations that Dr. Campbell had steered contracts, the District terminated her employment as Chief Operating Officer of the District's Department of Health Care Finance. *See id.* ¶¶ 6–99.

After a five-day jury trial held in December 2015, a jury found for Dr. Campbell on her constitutional claim brought under 42 U.S.C. § 1983. *See* Verdict Form 2, ECF No. 65. Specifically, the jury found that, by terminating Dr. Campbell's employment without due process and in a manner that "left a stigma on her by having the broad effect of largely precluding her from pursuing her chosen career," the District deprived Dr. Campbell of her constitutionally protected right to pursue her chosen field of employment. *See id.*; *see also* Jury Instructions 28–38, ECF No. 66. The jury awarded Dr. Campbell $250,000.00 in compensatory damages. *See* Verdict Form 3.

Dr. Campbell's post-trial memorandum requests equitable relief in the form of an apology from the District. *See* Pl.'s Mem. Requesting Equitable Relief, ECF No. 69. The District opposes such relief. *See* District of Columbia's Resp. Pl.'s Mem. Requesting Equitable Relief, ECF No. 71. Because it is unclear whether the Court has the authority to order the apology—and because, in any event, the requested apology is not a remedy tailored to fit the constitutional violation in this case—the Court will deny Dr. Campbell's request. The Court will nonetheless enter judgment for Dr. Campbell and award her damages that include the compensatory damages found by the jury, as well as the financial damages to which the parties stipulated before trial. *See* Verdict Form 3; Joint Pretrial Statement 2, ECF No. 41.

## II. EQUITABLE RELIEF

When exercising its equitable powers, this Court must look to precedent "no less than" when it pronounces the law. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996)). Although the Court may flexibly tailor equitable relief to meet new situations, "courts of equity can and do draw upon decisions made in other similar cases for guidance." *Id.* at 650.

In this case, neither party has pointed to authority justifying or rejecting Dr. Campbell's request for an apology. *See* Pl.'s Mem. Requesting Equitable Relief 1 (establishing only that 42 U.S.C. § 1983 authorizes equitable relief generally); District of Columbia's Resp. Pl.'s Mem. Requesting Equitable Relief 1 (citing to case law that alludes to separation of powers principles, rather than to precedents about this Court's equitable powers). Absent citation to applicable precedent, the Court lacks grounds upon which to grant the apology Dr. Campbell wants. And, based on the Court's independent inquiry, it is far from clear that the Court has the authority to order an apology in this case. *See Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002)

2

(concluding, in a case brought under 42 U.S.C. § 1983, that "the district court abused its discretion in ordering [the defendant] to issue an apology to [the plaintiff]"); *see also McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974) ("We are not commissioned to run around getting apologies.").

Even if the Court did have the authority to order an apology, doing so would not be appropriate here. In constitutional cases, "the scope of the remedy is determined by the nature and extent of the constitutional violation." *Inmates of Occoquan v. Barry*, 844 F.2d 828, 841 (D.C. Cir. 1988) (internal quotation mark omitted) (quoting *Milliken v. Bradley*, 418 U.S. 717, 744 (1974)). In other words, "once a right is established the remedy chosen must be tailored to fit the violation." *Id.*; *see also Woodruff*, 29 F. App'x at 346 (explaining that an apology is designed to address a moral wrong rather than a legal wrong).

Here, the constitutional violation originated principally from "the District's release of emails to the press." *See* Verdict Form 2. To tailor the remedy to fit the violation, therefore, any apology awarded to Dr. Campbell should come from the persons most responsible for the release of those emails. Based on the record presented in open court at trial, the evidence showed that the individuals who initially provided information to the press—and are thus, in the Court's view, most culpable for leaks to the press—are not parties to this case and are no longer employed by the District. The Court thus lacks any direct or indirect authority to order their apology.

Absent an apology from the most culpable individuals, an apology letter from the District is not a remedy tailored to fit the constitutional violation in this case. Accordingly, the Court will deny Dr. Campbell's request for equitable relief.

### III. DAMAGES

The damages due to Dr. Campbell are straightforward. Because the jury awarded Dr. Campbell $250,000.00 in compensatory damages for her physical pain, emotional distress, humiliation, embarrassment, inconvenience, and medical expenses, the Court will enter judgment against the District in that amount. *See* Verdict Form 3; *see also* Jury Instructions 39–40 (instructing the jury to award monetary damages for physical pain, emotional distress, humiliation, embarrassment, inconvenience, and medical expenses, but not for lost wages or other benefits). And because the parties stipulated before trial that Dr. Campbell suffered $304,823.00 in financial damages resulting from the reputational harm caused by the District, the Court will also enter judgment against the District in that amount.[1] *See* Joint Pretrial Statement 2. In sum, therefore, the Court will enter judgment against the District in the amount of $554,823.00.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for equitable relief (ECF No. 69) is **DENIED**. As for damages, the Court will enter judgment against the District in the amount of $554,823.00. A judgment consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: January 20, 2016                                    RUDOLPH CONTRERAS
                                                          United States District Judge

---

[1] The District's objection that a portion of these damages should not be attributed to the District's constitutional violation came far too late in the proceedings to disavow the prior concession upon which the trial presentation proceeded.